IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DURANTE REID, | ) |
| Plaintiff, | ) **Civil Action No.** |
| v. | ) |
| GATE GOURMET, INC., | ) |
| Defendant. | ) **Jury Trial Demanded** |

# COMPLAINT

COMES NOW, Plaintiff Durante Reid ("Mr. Reid" or "Plaintiff") and brings this *Complaint*, pursuant to Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); and the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ("RLA") against Gate Gourmet, Inc. ("Gate Gourmet" or "Defendant").

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this matter, which arises under federal law, pursuant to 28 U.S.C. § 1331.

2.

Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

1

## PARTIES

3.

Mr. Reid is an employee of Defendant, and, at all times relevant to this Complaint, was a union steward responsible for three units of Defendant's other employees represented by Teamsters Local 528. Mr. Reid is a citizen of the United States of America and submits himself to the jurisdiction of this Court.

4.

Defendant is an "employer" as defined by Title VII.

5.

Defendant is engaged in the airline industry and is a "Carrier" subject to the RLA.

6.

Gate Gourmet may be served with the summons and complaint by personal service on its registered agent, Corporation Service Company, whose office is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092. This Court has personal jurisdiction over Defendant.

## ADMINISTRATIVE PROCEDURES

7.

Mr. Reid timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) on May 7, 2020.

8.

The EEOC issued a "Notice of Right to Sue" on October 8, 2021.

9.

This action has been commenced within ninety (90) days of Mr. Reid's receipt of the "Notice of Right to Sue."

10.

Mr. Reid has exhausted administrative remedies with respect to the claims asserted herein.

## FACTUAL ALLEGATIONS

11.

Defendant Gate Gourmet is a corporation that provides catering services to airlines.

12.

Gate Gourmet hired Mr. Reid in April of 2007 as a Driver, responsible for transporting and loading food and equipment onto aircraft at Hartsfield-Jackson Atlanta International Airport.

13.

Mr. Reid is African-American and a member of Teamsters Local 528. Until May 7, 2020, he was Chief Shop Steward, representing three units of Gate Gourmet employees.

14.

On May 7, 2020, Gate Gourmet terminated Mr. Reid and over 1,000 other union-represented employees.

15.

A disproportionate number of the employees Gate Gourmet laid off on May 7, 2020, are Black or African-American. A disproportionate number of the employees not terminated are White or of East-Asian descent.

16.

That same day, Mr. Reid filed his charge with the EEOC. In October of 2020, Gate Gourmet filed its position statement, and Mr. Reid filed a rebuttal.

17.

Shortly thereafter, in January of 2021, Gate Gourmet recalled Mr. Reid's termination, and he resumed his employment. At least as of November 12, 2021, Gate Gourmet considers Mr. Reid as having been continuously employed since 2007.

18.

Since resuming his employment, Mr. Reid has continued to experience discrimination, in the form of disparate treatment and retaliation, because of his race and union activity.

19.

For example, on October 20, 2021—less than two weeks after receiving his right-to-sue from the EEOC—Mr. Reid was terminated again. .

20.

Forced to choose between a lay-off and a demotion (also known as a "bump"), Mr. Reid accepted the demotion orally, as he is entitled to under the company's collective bargaining agreement ("CBA") with the union. Gate Gourmet terminated him for not accepting the demotion in writing. Mr. Reid filed a grievance that same day and was allowed back to work over a week later.

21.

As another example, upon filing a grievance alleging discrimination on November 11, 2021, Mr. Reid was given a separation letter the very next day, informing him he would be terminated—for the third time—on November 19, 2021, this time without affording him any opportunity to accept a "bump," to which he is entitled under the CBA by virtue of his seniority.

22.

Defendant contended, in this November separation letter, that Mr. Reid was being terminated pursuant to a pandemic-related workforce reduction.

23.

Defendant has since rescinded this November separation letter, but it continues to target Mr. Reid for discrimination and to retaliate against him for his lawful exercise of his grievance, seniority, and other rights under the collective-bargaining agreement by, for example, denying his request to bump voluntarily into another department and denying his requests for safety equipment.

## SUBSTANTIVE CLAIMS

### Count I – Title VII and Section 1981 Retaliation

24.

By this reference, Plaintiff incorporates his factual allegations as if fully set forth herein.

25.

Title VII and Section 1981 prohibit the taking of adverse employment action against an employee in response to the employee's complaint of racial discrimination.

26.

Defendant violated Title VII and Section 1981 by terminating Mr. Reid in retaliation for his complaints of race discrimination.

27.

Defendant's violations of Title VII and Section 1981 were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

28.

Defendant is liable for all damages resulting from its violations of Title VII and Section 1981, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

## **Count II – Title VII and Section 1981 Race Discrimination**

29.

By this reference, Plaintiff incorporates his factual allegations as if fully set forth herein.

30.

Title VII and Section 1981 prohibit the taking of adverse employment action against an employee on the basis of race.

31.

Title VII prohibits the taking of adverse employment action against an employee if race is a factor, even if other non-discriminatory reasons also motivated such action.

32.

Defendant violated Title VII and Section 1981 by repeatedly terminating Plaintiff's employment and showing deliberate indifference to his CBA rights in whole or in part due to his race.

33.

Defendant's violations of Title VII and Section 1981 were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

34.

Defendant is liable for all damages resulting from its violations of Title VII and Section 1981, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

### Count III – Railway Labor Act

35.

By this reference, Plaintiff incorporates his factual allegations as if fully set forth herein.

36.

The RLA provides a private right of action for employees in the airline industry who suffer adverse employment action in retaliation for their union activities.

37.

Mr. Reid was subject to a number of adverse employment actions, as described herein, in retaliation for his union activity; namely, his advocacy for union employees in his role as a steward.

38.

Evidence of retaliatory animus shall include but not be limited to the temporal proximity between Mr. Reid's union activities and the adverse

employment actions and the pretextual nature of Defendant's explanations for its adverse employment actions.

39.

This count is pled in the alternative to, or in conjunction with a mixed motive to, Mr. Reid's claims for racial discrimination and retaliation.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a) That a trial by jury be had on all issues for which a jury trial is permitted under law;

b) That damages be awarded against Defendant to compensate the Plaintiff for the injuries suffered as a consequence of Defendant's actions in an amount to be determined by the enlightened conscious of the jury;

c) That attorney's fees and expenses of litigation be awarded to Plaintiff;

d) That pre-judgment and post-judgment interest be awarded; and

e) That the Court award such other equitable or monetary relief as the Court deems just and proper.

Respectfully submitted, this January 6, 2022.

/s/ *James E. Radford*
James E. Radford
Georgia Bar No. 108007
*Counsel for Plaintiff*

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0302
james@decaturlegal.com